IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BARRY L. DAVIS,                :
                               :
    Plaintiff,                 :
                               :
v.                             :          CIVIL ACTION 04-0328-M
                               :
JO ANNE B. BARNHART,           :
                               :
    Defendant.                 :

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. § 405(g), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for disability insurance benefits.  The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 27).  Oral argument was heard on July 25, 2005.  Upon consideration of the administrative record, the memoranda of the parties, and oral argument, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED**.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233,

1239 (11th Cir. 1983), which must be supported by substantial evidence.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance."  *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

   Plaintiff was born September 24, 1957.  At the time his disability insurance benefits expired, Davis was thirty-five years old, had completed a high school education (Tr. 364), and had previous work experience as a construction worker (Tr. 364-65).  In claiming benefits, Plaintiff alleges disability due to a compression fracture of the L-1 vertebrae, scoliosis of the lumbar spine, arthritis, and impingement of the right shoulder (Doc. 23 Fact Sheet).

   The Plaintiff filed an application for disability benefits on February 27, 1996, alleging disability as of January 1, 1988 (*see* Tr. 19, 37).  Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that Davis was capable of performing his past relevant work in the construction and fishing industries (Tr. 34-41).  Plaintiff did not request review of the hearing

decision (Tr. 154; *see* Tr. 19).

On July 8, 1998, Davis filed a protective application for Supplemental Security Income Benefits, alleging disability as of November 26, 1995 (Tr. 66-70; *see* Tr. 27).  Plaintiff subsequently requested that his prior disability benefits application—and the decision denying those benefits—be reopened (Tr. 130-33).  At the March 2000 administrative hearing, Plaintiff amended his alleged onset date to May 1, 1993 (Tr. 360; *see also* Tr. 19).  Following two hearings, the ALJ determined that the prior administrative decision should not be reopened, but did, however, find Davis disabled as of July 8, 1998 and awarded him SSI benefits (Tr. 15-28).  Plaintiff requested review of the hearing decision (Tr. 10-14), but the Appeals Council denied review (Tr. 6-9).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Davis alleges that:  (1) The ALJ *de facto* reopened the decision denying his prior disability benefits application; (2) the ALJ improperly discounted the opinions and diagnoses of his treating physicians; and (3) the ALJ improperly discounted his testimony of pain and limitation (Doc. 23).[1]  Defendant has

---

[1] The Court notes that Plaintiff's second and third claims are dependent upon a favorable decision on the first claim (*see* Doc. 23, pp. 17-20).

responded to—and denies—these claims (Doc. 24).

Plaintiff has claimed that the ALJ *de facto* reopened the prior determination.[2]  The Court notes that the ALJ specifically stated that he was not reopening the prior determination (Tr. 19-22).  In reviewing the ALJ's decision, the Eleventh Circuit Court of Appeals has given clear instruction:

> [R]eopening of a case is an extraordinary measure, affording the opportunity of a second excursion through the decision making process.  While a case may be reopened during the first twelve months following the determination for any reason, thereafter it may be reopened only for the specific and substantial reasons catalogued in 20 C.F.R. §§ 404.988 and 404.989.  "Indeed, the opportunity to reopen final decisions and any hearing convened to determine the propriety of such action are afforded by the Secretary's regulations and not by the Social Security Act." *Califano v. Sanders*, 420 U.S. at 108, 97 S.Ct. at 986.  Because the reopening procedure is in the nature of a bonus opportunity, a greater degree of judicial deference is due to discretionary denials by the administrative agency than is appropriate where judicial review exists as a matter of statutory right.

*Bloodsworth v. Heckler*, 703 F.2d 1233, 1238 (11th Cir. 1983).

---

[2] The Eleventh Circuit Court of Appeals, in *Butterworth v. Bowen*, 796 F.2d 1379, 1386 (11th Cir. 1986), held, after looking at 20 C.F.R. § 404.901, that § 404.987 "indicate[d] that any of the four levels of rulings may be reopened."

This Circuit has "held that it has jurisdiction to review the Secretary's decision not to reopen a prior application only where (1) a colorable constitutional claim is raised; or (2) the decision is reconsidered to any extent at any administrative level."  *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1533 (11th Cir. 1991) (citing *Hall v. Bowen*, 840 F.2d 777, 778 (11th Cir. 1987)); *see also Loudermilk v. Barnhart*, 290 F.3d 1265, 1268 (11th Cir. 2002).  However, "judicial review under § 405(g) is available when a social security claim is in fact reopened and reconsidered on the merits to any extent at any administrative level."  *Macon, on Behalf of Griffin v. Sullivan*, 929 F.2d 1524, 1529 (11th Cir. 1991), *citing Graham v. Bowen*, 786 F.2d 1113, 1114 (11th Cir. 1986); *Cherry v. Heckler*, 760 F.2d 1186, 1190 (11th Cir. 1985).

In this action, Davis has not sought a reopening because of a constitutional claim.  Rather, Plaintiff argues that the ALJ *de facto* reopened the decision in addressing it (Doc. 23, pp. 15-16).

The Court has reviewed the ALJ's decision—as well as the prior ALJ's decision (Tr. 34-41) and the other evidence of record—and finds that he did not reopen the prior determination.  First, he specifically states that he did not

reopen the decision on two different grounds (Tr. 21-22; Tr. 27, ¶ 3). Though the ALJ did review some of the evidence presented to the first ALJ, the Court finds that he was only examining it in light of newly-presented evidence. The Court finds that there was no *de facto* reopening as argued. The Court finds that the ALJ properly considered the new evidence, rejected the conclusions drawn from that evidence, and determined that the prior determination was correct. This Court finds that Plaintiff has not demonstrated good cause for upsetting that decision. *See* 20 C.F.R. § 404.988(b) (2004).

Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401. Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**. Judgment will be entered by separate order.

DONE this 25th day of July, 2005.


                                    s/BERT W. MILLING, JR.
                                    UNITED STATES MAGISTRATE JUDGE